UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JANICE O'BANER                                              PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:08CV74TSL-JCS

MISSISSIPPI DEPARTMENT OF HEALTH                            DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Mississippi Department of Health for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Janice O'Baner has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be denied.

Plaintiff Janice O'Baner became employed by the Mississippi Department of Health (MDH) as a personnel clerk on November 6, 2006. After only one day on the job, she was fired, ostensibly because she had lied on her employment application. Specifically, defendant claimed that in response to a question seeking the identity of plaintiff's immediate supervisor in her previous employment, plaintiff falsely represented that her supervisor was Kathy King, when in fact, documents it had reviewed (including a Performance Appraisal Review) identified Sue Griffith as plaintiff's supervisor.

Following her termination, plaintiff filed a charge of race discrimination with the Equal Employment Opportunity Commission (EEOC). After receiving a notice of right to sue from the EEOC, plaintiff filed the present action, contending she was terminated from employment with defendant on account of her race, black, in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981, and asserting state law claims for intentional and/or negligent infliction of emotional distress stemming from her termination. Defendant has moved for summary judgment on all these claims. In response, plaintiff has confessed the motion as to her state law claims, her putative § 1981 claim, and her claim for punitive damages, but she opposes the motion as to her Title VII claim.

Defendant has argued that plaintiff cannot succeed on her Title VII claim because she cannot establish a prima facie case and has failed to rebut MDH's legitimate, non-discriminatory reason for terminating her. In a Title VII discrimination claim, the plaintiff must establish a prima facie case of discrimination. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 1093, 67 L. Ed. 2d 207 (1981). "In a work-rule violation case such as this one, a plaintiff may establish a prima facie case by demonstrating either that [she] did not violate the rule or that 'white employees were treated differently under circumstances nearly identical to [hers].'" Brown v. United Parcel Service Inc., 238 Fed. Appx. 8, 9, 2007 WL 1598180, 1 (5th

2

Cir. 2007) (quoting Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1090 (5th Cir. 1995)). Here, plaintiff claims she did not provide false information on her employment application (and hence that she did not violate defendant's rule against falsifying information on the employment application). She also claims that even if she did provide false information, she has still presented a cognizable claim based on her proof that a white male's employment was not terminated after he was found to have provided false information on his employment application.

In support of the former position, plaintiff has testified that she did not lie about the identity of her supervisor, and that in fact, she considered Kathy King to have been her supervisor in her prior employment. She acknowledged that Sue Griffith was also a supervisor, but insisted that Kathy King was her immediate supervisor, and the supervisor with whom she worked most closely. She has also testified that she explained this to Pat Klar, the MDH employee who made the decision to terminate her employment, but that her explanation fell on deaf ears. In view of plaintiff's testimony, the court concludes that there is a genuine issue of material fact as to whether plaintiff can make out her prima facie case, and as to whether defendant's proffered reason for her termination amounts to pretext. For this reason, defendant's motion for summary judgment will be denied.

The court acknowledge's plaintiff's further position that she has identified a white employee, Michael Scales, who was not

3

terminated notwithstanding that he falsely represented on his employment application that he had attained a degree from West Virginia University in Decision Sciences, when in fact, his transcript reflects that his degree was in Business Administration.  In the court's opinion, Mr. Scales is not a proper comparator.  In order to be an appropriate comparator for purposes of showing that an employer treated similarly situated employees differently, the requirement that the employees be "similarly situated" means their circumstances must be "nearly identical."  Berquist v. Washington Mut. Bank, 500 F.3d 344, 353 (5th Cir. 2007); Perez v. Tex. Dept. of Criminal Justice, 395 F.3d 206, 213 (5th Cir. 2004).  See Chambers v. Joseph T. Ryerson & Son, Inc., 2007 WL 1944346, 6 (N.D. Tex. 2007) ("nearly identical" standard "is a stringent standard–employees with different responsibilities, different supervisors, different capabilities, different work rule violations, or different disciplinary records are not considered to be 'nearly identical'") (citations omitted).  Plaintiff's and Scales' circumstances were not "nearly identical."  Scales' and plaintiff's positions at MDH clearly were not "nearly identical."  Plaintiff was a clerical employee whereas Scales was hired for a managerial position, DP systems manager III/chief information officer.  As such, Scales' application and qualifications were evaluated by the State Personnel Board, which had access to his transcript and concluded that Scales, with his work experience and degree in Business Administration, satisfied

4

the qualifications for the position for which he was hired; the Personnel Board presented Scales to MDH as a qualified candidate for the position.[1]  Further, Scales has testified that he did not misrepresent his educational background, since while his degree was in business administration, his major was in decision science.[2]  Plaintiff has offered no evidence to the contrary. Moreover, one of the principal individuals involved in the decision to hire Scales testified that Scales' transcript did not show that he falsified his application.  Danny Miller, Deputy Director of DHM, explained that "many times on a transcript where a major is listed, like business management, there can be subcategories underneath there, under 'Business Management.' ... [These are] not minors.  There can be major subjects, business administration- business management--excuse me -- and then underneath there it can be like a decision-base-type management or

---

[1]  Plaintiff has offered Scales' application and transcript in support of her response.  Defendant has moved to strike these exhibits, contending they have not been properly authenticated. In response to the motion to strike, plaintiff argues that these exhibits were admitted as exhibits in the trial of her friend Larry Brown's race discrimination lawsuit against MDH.  In that case, Larry Brown alleged that defendant's selection of Scales rather than him for a certain position was racially discriminatory.  Although the court will deny defendant's motion to strike, it concludes the exhibits do nothing to further plaintiff's position in the case.

[2]  In the Brown case, Scales testified as follows:
 My degree is a bachelor of science in business
 administration with my degree being management decision
 science.  West Virginia University had two focus areas
 in the management realm, the personnel management aspect
 and a decision science aspect.  My function or my degree is
 under the decision science aspect of that.

whatever, different fields, within that particular major subject." Plaintiff has offered no evidence to show that Scales' application was inaccurate in substance. In contrast to plaintiff's alleged misrepresentation, Scales' alleged misrepresentation was technical and immaterial.

Based on the foregoing, it is ordered that defendant's motion for summary judgment is denied.

SO ORDERED this 5th day of March, 2009.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE